### SHERMAN *v.* SHERMAN.

*(Common Pleas of New York City and County, Special Term.* May 9, 1892.)

MARRIAGE—ANNULMENT—DURESS.

>  A marriage will not be annulled on the ground of duress, unless it is shown that the other contracting party caused the duress, or knowingly used or availed himself of it in order to procure the contract.

Action by John F. Sherman against Mathilda Sherman to annul a marriage on the ground of duress. Judgment for defendant.

*Ira Shafer,* for plaintiff. *I. Albert Englehardt,* for defendant.

BISCHOFF, J. This action was brought to obtain the annulment of the marriage of the parties, on the ground that, at the time of its contraction, plaintiff was deprived of the exercise of his free will and capacity to consent by reason of his intoxication, and the fear of imprisonment and bodily harm threatened to be inflicted upon him if he should fail to marry the defendant. Specific questions of fact were framed to be tried by a jury, and the trial thereof resulted in favor of the defendant, except as follows: To the question, "Was the plaintiff, on or about the 3d day of June, 1882, threatened with the loss of his life and with imprisonment in the jail in the city of New York if he did not then and there marry the defendant, as alleged in the complaint?" the jury responded, "Yes," as they also did to the further question, "Was a marriage ceremony between plaintiff and defendant performed while the plaintiff was under the fear induced by such threat?" When the cause was reached in equity for final disposition, defendant's counsel moved for a new trial, urged in support of the motion alleged errors in the rulings of the judge presiding at the trial of the questions of fact, and plaintiff's counsel moved for judgment for the relief demanded in the complaint, founding his motion on the verdict and pleadings. I am of the opinion that both motions should be denied. Respecting defendant's motion, the only exceptions to be considered are those affecting the questions determined adversely to her by the jury; and, observing the form of the questions tried and submitted, the rulings were proper, and the exceptions of the defendant have no validity. As to those questions, it may be further said the verdict is sustained by abundant evidence. But to justify the annulment of the marriage it should appear that plaintiff's duress was occasioned by the defendant, and that she uttered or instigated the threats of imprisonment or bodily harm, and was cognizant of them; or, at least, that at the time of the marriage ceremony she knew or had reason to believe that plaintiff was impelled to marry her by fear that the threats of imprisonment and bodily harm would be carried into execution if he did not marry her. These facts are denied by the answer, and were not included among those determined by the jury in plaintiff's favor; and duress of the plaintiff, occasioned by a third person, but of which defendant was wholly ignorant at the time of entering into the marriage contract, cannot be used as a means of setting that contract aside. The legal principles governing the authority of the court to annul a marriage on the ground of duress of one of the parties thereto are essentially the same as those applied when the annulment of any other contract is requested upon the like ground, (1 Bish. Mar. & Div. § 210,) and to be available as a ground for relief it must appear that the duress of the party asking to be relieved was occasioned by the other contracting party, or

that he knowingly used or availed himself of such duress as a means of procuring the contract sought to be annulled. 1 Whart. Cont. § 154; Leake, Cont. 425. Judgment for defendant.